UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Erik Becerra,  Case No. 22-cv-2065 (WMW/LIB)

      Petitioner,

v.  **REPORT AND RECOMMENDATION**

United States of America; FMC Rochester
Prison Officials, Staff; Johnson; Rovelstad;
Hart; and Tweeten,

      Respondents.

      This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

      In 2018, Petitioner Erik Becerra was convicted in this District on one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition, each in violation of 18 U.S.C. § 922(g)(1). See, United States v. Becerra, No. 15-cr-187 (SRN/DTS) (D. Minn.). As a result, Petitioner was sentenced to an 80-month term of imprisonment. After the conclusion of that term of imprisonment, Petitioner was civilly committed pursuant to 18 U.S.C. § 4246 on the grounds that he poses a significant danger to the general public as a result of mental illness. See, United States v. Becerra, No. 21-cv-59 (PAM/JFD) (D. Minn.). Petitioner remains civilly committed today as a result of the § 4246 proceedings.

      Petitioner—who is presently detained at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester")—commenced this proceeding with an ambiguous document purporting to be both a petition for a writ of habeas corpus and a civil complaint raising claims pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). (See, [Docket No. 1]). Roughly speaking, Petitioner's pleading and accompanying materials can be interpreted as raising

three sets of claims: (1) that he should not have been convicted under § 922(g)(1); (2) that he should not have been detained under § 4246; and (3) that officials at FMC Rochester should be directed to cease their practice of forceable medication.

Petitioner is correct that his pleading is, in effect, <u>both</u> a habeas petition and a traditional civil complaint. The first two of the claims described above relate to the <u>fact</u> of Petitioner's confinement. These claims are appropriately the subject of habeas corpus proceedings. <u>See</u>, <u>Spencer v. Haynes</u>, 774 F.3d 467, 469–70 (8th Cir. 2014). By contrast, the third of the claims relates to the <u>conditions</u> of Petitioner's confinement. This claim is appropriately the subject of a traditional civil matter. <u>Id.</u>

Starting with Petitioner's habeas claims: Under Rule 4 of the Rules Governing Section 2254 Cases of the United States District Courts, "if it plainly appears from the [habeas] petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] Upon review of the habeas claims pursuant to Rule 4, this Court concludes that those claims should be denied.

With only extraordinarily rare exceptions, habeas corpus is not the proper procedural vehicle for a federal prisoner to challenge the legality of a conviction or sentence. "A petitioner who seeks to challenge his sentence or conviction must generally do so in the sentencing court through [28 U.S.C.] § 2255 and cannot use [habeas corpus] to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted). Only if § 2255 is "inadequate or ineffective to test the legality" of the prisoner's confinement may the prisoner proceed with a collateral attack on a

---

[1] Petitioner labels is habeas petition as being brought pursuant to 28 U.S.C. § 2254. (<u>See</u>, [Docket No. 1] at 1; [Docket No. 3] at 1). This is incorrect—Petitioner is not detained pursuant to the judgment of a state court, and his Petition therefore is not subject to § 2254, <u>see</u>, 28 U.S.C. § 2254(a)—but Rule 4 of the Rules Governing Section 2254 Cases may nevertheless be applied to this matter. <u>See</u>, Rule 1(b).

2

conviction or sentence raised through a habeas petition. 28 U.S.C. § 2255(e). There is no basis to conclude that § 2255 would have been inadequate or ineffective for Petitioner to raise the claims presented in his pleading attacking his convictions under § 922(g)(1). And the fact that Petitioner is now likely time-barred from seeking relief under § 2255 does not render that provision inadequate or ineffective. See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

By contrast, Petitioner's attack on the legality of the § 4246 proceedings cannot be raised pursuant to § 2255, and it is therefore not barred by the exclusive-remedy rule of § 2255(e); indeed, 18 U.S.C. § 4247(g) makes clear that a person detained pursuant to § 4246 may continue to avail himself of the remedy provided by habeas corpus. See, 18 U.S.C. § 4247(g) ("Nothing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention."). But the Eighth Circuit has also made clear that federal civil detainees should first avail themselves of alternative remedies before seeking habeas corpus relief. See, Archuleta v. Hedrick, 365 F.3d 644, 648–49 (8th Cir. 2004). Petitioner is currently pursuing such an alternative remedy; the direct appeal of the judgment of commitment entered at the conclusion of Petitioner's § 4246 proceedings remains ongoing at this time. Insofar as Petitioner argues that his commitment is unlawful, that question has already been presented to the United States Court of Appeals for the Eighth Circuit. Not until the direct appellate proceeding has reached its conclusion should Petitioner invoke habeas corpus as a means of relief from his civil commitment.

This leaves only Petitioner's claims related to the use of forced medication by officials at FMC Rochester. Unlike the other claims presented by Petitioner, this claim does not relate to the legality of confinement itself, only the legality of the conditions of confinement, and it is therefore not appropriately the subject of a habeas proceeding. Perhaps sensing this, Petitioner has labeled

3

his pleading as <u>both</u> a habeas petition and a civil complaint. But this will not do, either: Litigants are generally precluded from raising both habeas and non-habeas claims within a single proceeding. <u>See, e.g.</u>, <u>Malcom v. Starr</u>, No. 20-cv-2503 (MJD/LIB), 2021 WL 931213, at *2 (D. Minn. Mar. 11, 2021) ("As many other cases from this District have noted, habeas petitions and civil complaints have different and incompatible rules regarding service of process, discovery, and even filing fees.").

Nor would it do Petitioner any good to jettison the habeas claims while considering only his civil claim for relief. To begin, Petitioner's claim that the use of involuntary medication violates his constitutional rights is badly underpleaded. The use of involuntary medication does not, by itself, amount to a constitutional violation, <u>see, e.g.</u>, <u>O'Laughlin v. FMC</u>, No. 20-cv-2641 (SRN/LIB), 2021 WL 2134956, at *2 (D. Minn. May 26, 2021), and Petitioner offers no reason for concluding that his being involuntarily medicated is unlawful other than that (according to him) the detention itself is unlawful—that is, precisely the challenge that is currently foreclosed due to the pendency of Petitioner's direct appeal. In any event, the forced-medication claim brought by Petitioner is not cognizable under <u>Bivens</u>, <u>see</u>, <u>Perkins v. Trump</u>, No. 21-cv-1219 (JRT/TNL), 2021 WL 3701852, at *2 (D. Minn. Aug. 20, 2021), and therefore could not go forward even if raised at this time in an independent civil action. <u>See</u>, <u>Mallard v. U.S. Dist. Ct., S. Dist. of Iowa</u>, 490 U.S. 296, 307–08 (1989) (noting that district courts have the inherent authority to dismiss frivolous actions).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

    **1.** The petition for a writ of habeas corpus of Petitioner Eric Becerra, [Docket No. 1], be **DENIED**; and

4

    **2.**    This matter be **DISMISSED without prejudice**.


Dated: September 16, 2022                    <u>s/Leo I. Brisbois</u>
                                                     Hon. Leo I. Brisbois
                                                     United States Magistrate Judge


## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).